## APPEAL OF THE ACORN REFINING CO.

Docket No. 1929.   Submitted April 20, 1925.   Decided June 30, 1925.

The report of an examining revenue agent introduced in evidence by both parties, *held* insufficient to sustain the Commissioner's determination of a deficiency.

*S. G. Rusk, C. P. A.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits taxes for the fiscal years ending January 31, 1919, and January 31, 1920, in the amounts of $19,479.84 and $258.08, respectively, the deficiency for the year ending January 31, 1919, arising from the addition by the Commissioner of $46,408.65 to the taxpayer's income, being alone in controversy.

### FINDINGS OF FACT.

1. The taxpayer is an Ohio corporation with its principal office at Cleveland, Ohio, and is engaged in the business of selling oils and paints.

2. The corporation filed an income and profits-tax return for the fiscal year ending January 31, 1919, reporting a net income of $1,731.72. An examination of its books was subsequently made by a revenue agent, who added to the net income as reported $46,408.65, representing "Salesmen's advances," and also made certain other adjustments which are not in question here.

The only evidence before the Board is the report of the revenue agent, which contained the following explanation for the addition of the amount to the taxpayer's income:

These accounts were treated as expenses by balance sheet submitted to department with return for 1 month 1918 (January) and in like manner allowed by agent's report of Nov. 30, 1920, which is to say that the Loss and Gain accounts as submitted to the department has been reduced by $46,408.65, over book account. During 1919 fiscal and henceforth taxpayer treated advances to salesmen as an asset and recoverable. At same time commissions earned were accrued, applying accruals against advances.

This report also shows that the amount of "Salesmen's advances" in question was carried as an asset on the taxpayer's books as of January 31, 1918.

### DECISION.

The deficiencies should be recomputed in accordance with the following opinion. Final determination will be settled on consent or on 7 days' notice, in accordance with Rule 50.

OPINION.

LITTLETON: The taxpayer contends that the Commissioner erred in adding to its net income for the fiscal year ending January 31, 1919, the amount of $46,408.65, carried on its books as " Salesmen's advances." The taxpayer also alleged that the Commissioner had erroneously disallowed as a deduction from gross income for the same fiscal year the amount of $5,438.41, representing certain expenses incurred in that year; and that it was entitled to a further deduction in the amount of $1,400 on account of officers' salaries for the month of January, 1920. At the hearing the taxpayer conceded that the Commissioner had allowed the deduction for expenses in the amount of $5,438.41. At the same time it waived its claim for a deduction on account of salaries for January, 1920. This leaves for consideration only the matter of the addition to the taxpayer's income of the amount of " Salesmen's advances."

Upon consideration of the elements in this appeal, we are of the opinion that the addition to income of $46,408.65 for the fiscal year ending January 31, 1919, is not justified by the evidence. It appears from the report of the examining revenue agent, as set forth in the findings of fact, that the taxpayer charged this amount off as expense in the single month return at the time it changed its fiscal year as of January 31, 1918. The taxpayer employed salesmen on a commission basis, advancing to them certain amounts which were charged to their accounts and carried on the corporation books as an asset. As commissions were earned by these salesmen, their individual accounts were credited with the amount thereof. The account of " Salesmen Expenses," which the Commissioner has added to income, appeared as an asset on the books on January 31, 1918, prior to closing. It does not appear that the item was carried forward into the fiscal period ended January 31, 1919, or in any way used to affect income for that period. On the contrary, the taxpayer's return for the single month ending January 31, 1918, shows a loss of $17,236.28. Neither the taxpayer's return for the one month ending January 31, 1918, nor for the fiscal year ending January 31, 1919, is accompanied by a schedule reconciling the surplus as of the beginning and end of those periods. On the record before us it would seem that the revenue agent's adjustment is based upon an erroneous accounting theory. The examining revenue agent's reports were introduced in evidence by the taxpayer and, since they show erroneous conclusions upon their face and form the basis of the Commissioner's determination, we must find that the Commissioner erred in that determination and that the deficiency asserted by him is not well founded. It may well be that the taxpayer filed

an erroneous return for the single month period ending January 31, 1918, but the return for that period is not before us.

The record before us on this appeal is highly unsatisfactory and no evidence of any value was submitted by the taxpayer. We are left to conjecture whether the amount here in question was actually charged off the books as of January 31, 1918, or was merely deducted from the taxpayer's return for that period. If the latter be assumed to be true, then the salesmen's commissions earned in 1919 may have been credited to this account when charged to the expense account upon the books during that year. If this be the fact, then the deduction of the amount in the period ending January 31, 1918, manifestly could have no effect upon income for the succeeding period. If the asset was charged off the books as well as deducted from the income-tax return, it still is not clear how the subsequent charge of commissions as expenses could have been affected by the entry upon the other side, or rather by the lack of an account against which such expenses could have been credited. The finding by the examining revenue agent, unsupported by any clear statement of facts bearing out his position, may properly form the basis for the disallowance of a deficiency determined and based solely upon his erroneous conclusion. *Appeal of Bruce & Human Drug Co.*, 1 B. T. A. 342.