GIRARD TRUST COMPANY, RICHARD D. WOOD, 2D, AND THEODORE V. WOOD, ADMINISTRATORS D. B. N. C. T. A. OF THE ESTATE OF STUART WOOD, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75624. Promulgated July 12, 1935.

*Robert T. McCracken, Esq.*, and *J. Edgar Wilkinson, Esq.*, for the petitioners.

*Hartford Allen, Esq.*, for the respondent.

OPINION.

SEAWELL: The payment of $80,000 made by the corporation to the estate for 800 shares of its common stock was held by the respondent to be taxable to the estate on the ground that the amount constituted a taxable dividend within the meaning of section 115 (g) of the Revenue Act of 1928, reading in part as follows:

If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, ·shall be treated as a taxable dividend. * * *

The petitioners contend that the amount was received in a capital transaction resulting in a deductible loss to the estate of $4,016.

The purpose and principles underlying section 115 (g), *supra*, and corresponding provisions of prior revenue acts are fully set forth in decided cases. See *Pearl B. Brown, Executrix*, 26 B. T. A. 901; affd., 69 Fed. (2d) 602; *Harry A. Koch*, 26 B. T. A. 1025; *Annie Watts Hill*, 27 B. T. A. 73; affd., 66 Fed. (2d) 45; *Henry B. Babson*, 27 B. T. A. 859; affd., 70 Fed. (2d) 304; certiorari denied, 293 U. S. 571; *James A. Connelly*, 30 B. T. A. 331.

Questions of this sort in the final analysis must turn upon their peculiar facts. Here there is ample evidence of record to overcome the finding of the respondent. The circumstances surrounding the

transaction are free from artifice and the element of tax avoidance is not present.

The Cotiga Development Co. was created by the trustees for the protection of the property interests of the decedent's estate and the stock in question was acquired by the estate to enable the corporation to pay for the West Virginia coal and timber lands. The beneficiaries of the net income of the estate insisted that the corporation's surplus be distributed to them in accordance with the terms of the decedent's will, and the remaindermen contended with equal force that some part of the corporation's surplus constituted corpus and was not distributable to the life tenants of the estate. There were ample grounds for the differences of opinion. The executors concluded that the payment of a cash dividend by the corporation and its distribution to the life tenants of the estate would result in the filing of claims by remaindermen and accordingly refused to make any distribution of the surplus until the rights of the contesting parties could be ruled upon by the Orphans' Court or an agreement with respect to the matter was entered into by the interested parties. In the meantime the advances made to the corporation in the form of stock purchases had served their purpose and part of the surplus funds of the corporation was returned to the estate for stock to earn income which could be distributed to the life tenants without question. Such action was not intended to and did not essentially result in a division of profits of the corporation within the meaning of section 115 (g).

The loss of the $4,016 claimed to have been sustained from the redemption of the stock is computed by using as a basis the sum of $105.02 per share. From the opening statement of counsel for petitioners it appears that such amount represents the average cost of the 13,248 shares of the stock acquired in 1925 and 1926 as shown by the books of the estate. Our only concern here is the proper basis for the 800 shares redeemed in 1931.

In his computation of the deficiency the respondent did not find it necessary to determine the basis for the stock in view of his holding that the entire amount represented a taxable dividend. The burden of showing that the estate sustained a loss and the amount thereof was on the petitioners. *Helvering* v. *Taylor*, 293 U. S. 507.

Of the 800 shares of stock redeemed, 400 shares were acquired on January 30, 1926, at par, an amount equal to the redemption price. As to these shares, the estate sustained no loss. As to the remaining shares, the only evidence we have on the proper basis therefor is testimony that the land conveyed in exchange for the stock was appraised by appraisers at a value of $25,000 as of the date of decedent's death. Such testimony, without more, is insufficient to estab-

lish fair market value of the land on the basic date. If it could be used for that purpose, there would be gain to tax rather than loss to use for deduction purposes. On this issue we sustain the respondent.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

LEECH, dissenting: I think the distribution in redemption of stock, upon which that part of the tax deficiency arose involved in the first issue here, occurred at "such time and in such manner" as to make it "essentially equivalent to the distribution of a taxable dividend", and that it was therefore taxable within section 115 (g) of the Revenue Act of 1928.

BLACK, STERNHAGEN, and TURNER agree with this dissent.