DORIC APARTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44655. Promulgated August 9, 1935.

1188

E. J. Wells, Esq., and Nathan Kahn, Esq., for the petitioner.
A. H. Fast, Esq., for the respondent.

OPINION.

MURDOCK: Each party to this proceeding called a number of witnesses to express opinions as to the total fair market value of the second mortgage notes which the petitioner received from the sale of the Willow Terrace Apartments property. The values given by the witnesses called by the petitioner ranged downward from 30 percent of the face value of the notes. One witness for the respondent stated that in his opinion the notes were worth 80 percent of their face value. Another stated that in his opinion the notes maturing within the first five years were worth 80 percent of their face value while those maturing thereafter were worth 70 percent of their face value. There was other evidence bearing upon the question of the value of these notes. The evidence clearly shows that the notes had some fair market value, but that it was not as much as 85 percent of their face value. Since the determination of the Commis-

sioner was incorrect the Board must determine, as best it can from the evidence, the total fair market value of the notes. Cf. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540; *Helvering* v. *Taylor*, 293 U. S. 507. This has been done. The decision on this question of fact is set forth in the findings of fact above.

The Commissioner determined that the petitioner is liable for a penalty under section 275 (b) of the Revenue Act of 1924, which provides, " if any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected and paid * * *." The burden of proof on this issue is by statute placed upon the Commissioner. Section 601 of the Revenue Act of 1928, amending section 907 (a) of the Revenue Act of 1924, as amended. The Commissioner, in determining the deficiency, increased the amount of cash and the value of the notes over the figures used by the petitioner in reporting its profit from the sale of the apartment house and included in the basis the cost of furniture and fixtures and trustees' services. The deficiency is due to the fact that the Commissioner increased the value of the second trust notes from $93,750, as reported by the petitioner, to $265,625, and he contends that the deficiency is due to fraud with intent to evade tax.

The petitioner was required by statute to report the gain from the sale of the apartment house. That gain was the excess of the amount realized over the basis. The amount realized is " the sum of any money received plus the fair market value of the property (other than money) received." Sec. 202. The Commissioner contends that the petitioner understated the value of the notes received and misled him by failing to indicate the face value of the notes. There is nothing in the statute requiring the petitioner to report the face value of the notes. It was only required to report their fair market value. The petitioner indicated on its return that " notes " were part of the consideration. Not only was the Commissioner thus put on notice that it was fair market value rather than face value which was being reported, but his action in investigating the fact and determining the deficiency belies his statement that he was in any way misled. The petitioner made at least a reasonable effort to discover the fair market value of the notes and reported what it believed to be their fair market value. This was a question of fact upon which opinions vary widely, as evidenced by the opinions of the witnesses in this case. The fact that the petitioner used $93,750 as the value of the notes on its return certainly does not show a fraudulent intent to evade tax.

The Commissioner also argues that fraud with intent to evade tax in connection with the amount reported as the fair market value of

these notes is shown by all the surrounding circumstances. He calls particular attention to the way in which the notes were divided into series and amounts, to the transfer of the notes to the partnership and the two corporations, and to the distribution of the notes to the petitioner's stockholders in proportion to their stockholdings. There is, however, a plausible explanation of these transactions unrelated to the matter of income tax. There was no reason for the continued operation of Doric after the sale of the apartment. It therefore retired at par all but a relatively small amount of its capital stock. In order to do this it used most of the cash received from the sale of the apartment house and $93,750 obtained through the disposition of the notes. The evidence as a whole is not sufficient to sustain the burden of proof cast by statute upon the Commissioner, and, therefore, that no part of the deficiency was due to fraud with intent to evade tax has been found as a fact.

*Decision will be entered under Rule 50.*