## HELVERING, Com'r of Internal Revenue, v. MONTANA LIFE INS. CO.

### No. 7971.

Circuit Court of Appeals, Ninth Circuit.

July 6, 1936.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for petitioner.

Ewing Everett, of New York City, and O. H. Chmillon, of Washington, D. C. (Miller & Chevalier, of Washington, D. C., of counsel), for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the decision of the Board of Tax Appeals. Since this appeal was taken by the Commissioner the Supreme Court has decided the legal question at issue herein adversely to the contention of the respondent and to the decision of the Board of Tax Appeals in the case of Helvering v. Inter-Mountain Life Insurance Co., 294 U.S. 686, 55 S.Ct. 572, 79 L.Ed. 1227. For that reason both parties concede that the decision of the Board must be reversed. Respondent has, therefore, presented a motion that the decision be reversed and, also, that the case be remanded to the Board of Tax Appeals with instructions to consider and determine what deductions the respondent is entitled to make from its gross income under the provisions of the sections of various applicable revenue acts which permit the deduction by life insurance companies of interest paid upon an ordinary indebtedness. Revenue Act 1921, § 245 (a) (8), 42 Stat. 261 (26 U.S.C.A. § 203 note); Revenue Acts 1924 and 1926, § 245 (a) (8), 43 Stat. 289, 44 Stat. 47 (26 U.S.C.A. § 203 note); Revenue Act 1928, § 203 (a) (8), 26 U.S.C.A. § 2203 (a) (8), 1928 Ed. (26 U.S.C.A. § 203 note). That is to say, having appealed to the Board of Tax Appeals for a deduction amounting to 4 per cent. upon the average reserve set up to pay coupons attached to life insurance policies on the theory that such obligations were insurance obligations (Revenue Acts 1921, 1924, 1926, § 245 (a) (2), 42 Stat. 261, 43 Stat. 289, 44 Stat. 47 (26 U.S.C.A. § 203 note); Revenue Act 1928, § 203 (a) (2), 26 U.S.C.A. § 2203 (a) (2), 1928 Ed. [26 U.S.C.A. § 203 note]), respondent now seeks a deduction similar, although not identical in amount, upon a new theory consonant with the decision of the Supreme Court and the applicable statutes, namely, that the amount paid upon such coupons is paid upon an ordinary indebtedness of the company (not an insurance liability), and, consequently,

that the amounts which had been paid thereon as interest are deductible. The petitioner does not dispute the contention of the respondent as to its right to have such deductions of interest made in accordance with the plain letter of the statute authorizing such deductions but resists the respondent's application to remand with the requested instructions to take additional testimony and determine the deduction upon the new theory, upon the ground that the respondent had not made the proper claim before the Board of Tax Appeals, and, consequently, that the reversal of the decision of the Board should be absolute without remanding the matter to it for further hearing.

Petitioner also contends that if the matter is remanded with instructions to take new evidence upon the new issue, the petitioner should be entitled to make new contentions concerning the propriety of the allowance of other deductions which had not been previously claimed to be erroneous.

 The powers of this court are appellate in nature to review errors committed by the Board of Tax Appeals. It being conceded in this case that the Board of Tax Appeals has committed error, we are required to reverse that decision. We find no occasion to enter into a discussion of questions which were not decided by the Board of Tax Appeals and we have no power to decide such questions. In fact, the Supreme Court has recently called attention to the proposition that the Circuit Courts of Appeals should not undertake to decide facts upon an appeal however well established the record may show them to be by stipulation or otherwise. General Utilities, etc., Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154. Under these circumstances it is clear that in view of the fact that the Board of Tax Appeals in the first hearing proceeded upon an erroneous theory of law it should have an opportunity to consider the case under the correct rule of law as established by the Supreme Court. Section 1003 (b), Revenue Act 1926, 44 Stat. 110, 26 U.S.C.A. § 1226 (b) (see 26 U.S.C.A. § 641 (c) (1), compare, Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623. We see no reason for any other direction to the Board with relation to subsequent proceedings.

Reversed and remanded to the Board of Tax Appeals for such further hearing

or determination as in its judgment may be meet and proper and not inconsistent with the decision of the Supreme Court in Helvering v. Inter-Mountain Life Ins. Co., supra.