Murdock, J., dissenting: The general scheme of Federal income taxation has always been to allow a taxpayer to recover through deductions the cost of assets used in its business before taxing the excess as income. United States v. Ludey, 274 U. S. 295. The principle has not been applied to good will, subscription lists, and some other assets, either because such assets are not actually exhausted through use in the business or because of the practical impossibility of telling when and to what extent they become exhausted in use. Danville Press, Inc., 1 B. T. A. 1171; Meredith Publishing Co. v. Commissioner, 64 Fed. (2d) 890. Those cases are the exceptions in which some distortion of income can not be avoided. However, it has been held uniformly that the cost of a contract not to compete for a stated period may be recovered under section 23 (1) through deductions for exhaustion spread over the period. William Ziegler, Jr., 1 B. T. A. 186; Christensen Machine Co., 18 B. T. A. 256; Christensen Machine Co. v. United States, 50 Fed. (2d) 282; News Leader Co., 18 B. T. A. 1212. It was held in the latter case that the amount paid to a competing newspaper for an agreement that it would discontinue its paper for five years was recoverable through deductions for exhaustion spread ratably over the five years even though the agreement not to compete was necessarily closely associated with the good will of the discontinued paper. The Commissioner acquiesced in that case. IX-2 C. B. 44. The agreement on the part of the Toledo Newspaper Co. and the E. W. Scripps Co., which owned a majority of its stock, to refrain from publishing a newspaper in the Toledo district for a period of 10 years was obviously valuable to the petitioner. The petitioner paid a substantial portion of the total of $880,000 for that agreement. The parties to the agreement specified therein that $780,000 of the total was paid for that agreement. Thus, there is evidence before this Court of the cost of the agreement not to compete. The respondent offered no evidence to show that the cost of that agreement was less than $780,000. Perhaps other provisions of the contract itself might lead a fact finder to conclude that the true cost was something less than $780,000. But however that may be, something was paid for that agreement and it is incumbent upon this Court to determine what portion of the total consideration may properly be regarded as the cost of the agreement not to compete for the purpose of allowing deductions under section 23 (1). Cohan v. Commissioner, 39 Fed. (2d) 540; Helvering v. Taylor, 293 U. S. 507; Durkee v. Commissioner, 162 Fed. (2d) 184. Judge Learned Hand said in Commissioner v. Maresi, 156 Fed. (2d) 929: “The one sure way to do injustice in such cases Is to allow nothing whatever upon the excuse that we cannot tell how much to allow.” That comment is apposite here, where the majority opinion allows no deduction for the exhaustion of this contract not to compete, which contract obviously cost the petitioner a substantial amount of money. Arundell, Van Fossan, and Harron, //., agree with this dissent.