**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD T. WALLACE,

      Petitioner - Appellant,

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 97-9002
(U.S. Tax Court No. 22124-94)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

      After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

      This appeal is from an order of the Tax Court upholding deficiencies and additions to tax determined by the Commissioner of the Internal Revenue Service

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(IRS). Taxpayer Wallace appeals arguing that the assessments by the IRS did not prove that appellant had any income and that the IRS did not provide any proof of income to the Tax Court. We affirm.

The relevant facts in this case were stipulated by agreement between the taxpayer and counsel for the Commissioner of the IRS. Taxpayer was self-employed and engaged in the business of selling hearing aids. It is undisputed that taxpayer did not file any federal income tax returns or pay any federal income tax for the years 1990, 1991, 1992, and 1993. The Commissioner of the IRS determined deficiencies on taxpayer's federal income tax, self-employment tax, and additions to tax for the years involved. Taxpayer refused to provide the IRS with any records pertaining to his business. As a result, the Commissioner was required to calculate taxpayer's income by using Bureau of Labor Statistics statistical estimates.

The taxpayer filed a petition in the Tax Court for a redetermination of the deficiencies based upon a number of arguments relating to his claim that he has a Fifth Amendment right not to produce documents and that the IRS has the burden of proof. He further argued that the method upon which the Commissioner relied for determining the deficiency had no rational foundation and that the IRS had not presented sufficient evidence to support its determination that the taxpayer had received income. For these reasons, taxpayer argued that the determination

2

should not be accorded the presumption of correctness that is normally applied to an appeal of IRS deficiency determinations. The Tax Court upheld the deficiencies and additions as determined by the Commissioner and concluded that the Commissioner had sufficiently linked taxpayer to his business and determined from third-party sources that taxpayer had received taxable income for the years in issue.

On appeal, the taxpayer argues that the IRS presumption of correctness should not apply because the IRS failed to provide proof that the appellant earned any money that would be subject to income tax. The taxpayer also argues that the burden of proof should be on the government and that the government must show that appellant had income. All of appellant's allegations on appeal relate to his argument that the proof relied upon by the IRS was insufficient to show taxable income. We disagree. The law is clear that in suits before the Tax Court the determinations of the Commissioner of the IRS are presumptively correct and that the taxpayer bears the burden of proving that any determination is erroneous or arbitrary. Rule 142(a), Rules of Practice and Procedure of the United States Tax Court (January 16, 1984); Helvering v. Taylor, 293 U.S. 507 (1935); Anaya v. Commissioner, 983 F.2d 186 (10th Cir. 1993). The Tax Court in this case properly placed the burden on the taxpayer to overcome the presumption of

correctness. We find nothing in this record that requires a change in the burden of producing evidence or any rebuttal of the presumption of correctness.

In a case like this where the taxpayer has failed to produce books and records that show adequately the production or lack of production of income, the Commissioner is authorized to reconstruct such income in any manner that is reasonable. Anaya v. Commissioner, 983 F.2d at 188. The reviewing court must accept the Commissioner's method of reconstruction of income so long as it has a rational basis. The method used by the Commissioner in this case included the use of Bureau of Labor Statistics statistics, stipulations regarding the business transactions, an affidavit regarding support that taxpayer provided for his wife, and the lack of any books or records sufficient to establish the amount of gross income to compute tax deficiencies. We hold that the Tax Court correctly determined that the Commissioner of the IRS was entitled to the presumption of correctness and that the determination of deficiencies had a rational basis in the record. We therefore **AFFIRM** the order of the Tax Court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

4