T.C. Memo. 2001-259

UNITED STATES TAX COURT

KENNETH LEE AND MARGARET IHLENFELDT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

KENNETH LEE IHLENFELDT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 19250-96, 19251-96.          Filed October 1, 2001.

Kenneth Lee Ihlenfeldt, pro se.

Joanne B. Minsky, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge: The docketed cases are consolidated for trial, briefing, and opinion. Kenneth Lee Ihlenfeldt (petitioner) and his former wife, Margaret Ihlenfeldt (Ms. Ihlenfeldt), petitioned the Court to redetermine respondent's determinations as to their

1989 and 1990 Federal income taxes. Petitioner also petitioned the Court to redetermine respondent's determinations as to his 1991, 1992, and 1993 Federal income taxes.

As to the respective years 1989 and 1990, respondent determined that petitioners were liable for deficiencies of $2,271 and $10,471, section 6651 additions to tax of $568 and $2,618, and section 6662 accuracy-related penalties of $454 and $2,094.[1] As to the respective years 1991, 1992, and 1993, respondent determined that petitioner was liable for deficiencies of $7,739, $36,363, and $2,577, section 6651 additions to tax of $1,935, $9,091, and $644, section 6654 additions to tax of zero, $1,586, and $108, and section 6662 accuracy-related penalties of $1,548, zero, and zero.

Following concessions and our dismissal of this case as to Ms. Ihlenfeldt for failure to prosecute properly, we are left to decide:[2]

1. Whether petitioner's taxable income includes self-employment income in the amounts determined by respondent. We hold it does.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded.

[2] Petitioner's posttrial brief addresses only the two issues set forth below. We hold that petitioner has conceded all other issues raised by the pleadings which were not conceded by respondent.

2. Whether petitioner may deduct self-employment expenses in amounts greater than allowed by respondent. We hold he may to the extent stated herein.

FINDINGS OF FACT

Some facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. At all relevant times, petitioner resided in a 542-square-foot apartment in a large building located on 6.7 acres of land at 5522 (A1A) N. Oceanside Blvd., Palm Coast, Florida (the Oceanside Blvd. property). Petitioner purchased the Oceanside Blvd. property (inclusive of the apartment) in 1976 and operated on it a sole proprietorship named "Kenneth L. Ihlenfeldt d/b/a/ Delta Marine Enterprises" (Delta). Delta's primary business activity was the building, repairing, and storing of boats. In addition to the apartment, the building on the Oceanside Blvd. property contained vast space for the storage of boats and boat parts, a small business office with a desk and a telephone, and a second office where petitioner kept business documents.

During 1989, petitioner purchased a second property (the second property) in Palm Coast, Florida. He operated on the second property a C corporation named Seven Leagues Charter, Inc. He began operating in 1990 another C corporation named Omega Yachts, Inc. Petitioner performed backhoe work and land-clearing

services during all of the relevant years in addition to the activities which he performed through Delta and the corporations.

Petitioner did not timely file a Federal income tax return for any of the subject years. He filed 1989 and 1990 Federal income tax returns using the filing status of married filing joint return. He filed a 1991 and a 1992 Federal income tax return using the filing status of married filing separate return.[3] He never filed a 1993 Federal income tax return before the notice of deficiency for that year was issued.

Petitioner's 1989 through 1992 returns reported the following taxable income:

|  | 1989 | 1990 | 1991 | 1992 |
|---|---|---|---|---|
| Wages | $115 | $469 | $405 | $242 |
| Interest income | 1,808 | -0- | 50 | 70 |
| Taxable tax refund | -0- | 160 | -0- | -0- |
| Business loss | 77,997 | 107,052 | 34,181 | 57,432 |
| Gambling winnings | 9,469 | -0- | -0- | -0- |
| Taxable income | (66,605) | (106,423) | (33,726) | (57,120) |

His accompanying Schedules C, Profit or Loss From Business (Sole Proprietorship), reported that the business losses were attributed to the following items of income and expense:

---

[3] None of the amounts set forth in the 1992 return are reflected in the notice of deficiency for that year because petitioner filed that return right before respondent issued to him the notice of deficiency.

|                    | 1989   | 1990    | 1991    | 1992    |
|--------------------|--------|---------|---------|---------|
| Gross receipts     | $7,066 | $344    | $10,582 | -0-     |
| Car and truck      | 297    | -0-     | -0-     | -0-     |
| Depreciation       | 2,598  | 2,598   | 2,598   | $2,598  |
| Insurance          | 1,476  | -0-     | -0-     | -0-     |
| Mortgage interest  | 34,043 | 32,333  | 5,071   | 13,081  |
| Other interest     | -0-    | -0-     | 29,674  | -0-     |
| Legal and profess. | 460    | -0-     | 356     | 206     |
| Repairs and maint. | 524    | -0-     | -0-     | 60      |
| Taxes              | 5,834  | 5,860   | 5,981   | 6,183   |
| Utilities          | 1,621  | -0-     | 1,083   | 1,578   |
| NOL carryover      | 38,172 | 66,605  | -0-     | 33,726  |
| Donation           | 12     | -0-     | -0-     | -0-     |
| Licenses           | 26     | -0-     | -0-     | -0-     |
| Total expenses     | 85,063 | 107,396 | 44,763  | 57,432  |
| Net loss           | 77,997 | 107,052 | 34,181  | 57,432  |

Respondent audited petitioner for the subject years and analyzed his bank accounts as part of the audit.  On the basis of that analysis, respondent determined that petitioner had unexplained deposits of $10,702, $59,068, $34,703, $93,912, and $11,732 in the respective years, all of which respondent characterized as self-employment income.  Respondent determined that petitioner should have reported this income for the respective years and reflected in the notices of deficiency a corresponding adjustment as well as other adjustments. Respondent's adjustments to taxable income were as follows:

|                  | 1989     | 1990     | 1991     | 1992     | 1993     |
|------------------|----------|----------|----------|----------|----------|
| Self-empl. inc.  | $10,702  | $59,068  | $34,703  | $93,912  | $11,732  |
| Self-empl. exps.[1] | 84,740 | 107,395  | 44,407   | -0-      | -0-      |
| Self-empl. ded.  | -0-      | (3,889)  | (3,174)  | (4,684)  | (829)    |
| Itemized deds.   | (39,753) | (43,211) | (58,781) |          |          |
| Standard ded.    | 5,200    | 5,450    | 2,850    | (3,000)  | (3,100)  |
| Personal exemp.  | -0-      | -0-      | -0-      | (1,380)  | (2,350)  |

| | | | | | |
|---|---|---|---|---|---|
| Capital gain | -0- | 16,471 | -0- | -0- | -0- |
| Interest income | -0- | 2,339 | 53 | 70 | 5 |
| Wage income | -0- | -0- | -0- | 241 | 678 |
| Dividend income | -0- | -0- | 27,967 | 13,627 | -0- |
| NOL | -0- | (3,038) | -0- | -0- | -0- |
| Total adjustments | 60,889 | 140,585 | 48,025 | 98,786 | 6,136 |
| AGI as filed | (75,805) | (115,973) | -0- | -0- | -0- |
| Tax. inc. as rev. | (14,916) | 24,612 | 48,025 | 98,786 | 6,136 |

[1] Respondent disallowed all of petitioner's reported expenses except for: (1) The car and truck expense of $297 and the licenses expense of $26 reported for 1989 and (2) the legal and professional expense of $356 reported for 1991.

Respondent explained in the notices of deficiency that he had disallowed the self-employment expenses on the basis of his determination that they were not ordinary and necessary business expenses. Respondent explained further that petitioner could deduct the following amounts as itemized deductions, rather than as business expenses:

| | 1989 | 1990 | 1991 |
|---|---|---|---|
| Mortgage interest:[1] | | | |
| Barnett Bank | $8,698 | $6,988 | $5,059 |
| SouthTrust Bank | 733 | 350 | -0- |
| Charles Williams | 25,658 | 33,534 | 32,184 |
| | 35,089 | 40,872 | 37,243 |
| Taxes | 2,856 | -0- | -0- |
| Investment interest | 1,808 | 2,339 | 22,144 |
| | 39,753 | 43,211 | 59,387 |

[1] The interest paid to Barnett Bank and Charles Williams concerned mortgages on the Oceanside Blvd. property. The interest paid to SouthTrust Bank concerned a mortgage that Ms. Ihlenfeldt had on a mobile home unrelated to the Oceanside Blvd. property.

Respondent has since conceded that petitioner may also deduct as itemized deductions mortgage interest of $24,503 for 1992 and taxes of $5,834, $5,955, and $6,141 for 1990 through 1992, respectively.

OPINION

Petitioner must prove that respondent's determinations contained in the notices of deficiency are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner also must prove his entitlement to any deduction challenged by respondent.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Deductions are strictly a matter of legislative grace, and petitioner must present to the Court sufficient evidence to substantiate any deduction that is allowed by the Code.  Sec. 6001; New Colonial Ice Co. v. Helvering, supra at 440.

With these basic principles in mind, we turn to the issues at hand.  We address those issues seriatim.

1.  Self-Employment Income

Respondent determined through a bank deposits analysis that petitioner had unexplained bank deposits in the amounts set forth above.  Respondent asserts that those unexplained deposits constitute unreported income from petitioner's backhoe work and land-clearing services.

When a taxpayer such as petitioner fails to keep adequate books and records, section 446(b) authorizes the Commissioner to

compute the taxpayer's income by any method that clearly reflects income.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965).  A bank deposits analysis has been accepted by the Courts as satisfying this legislative mandate.  Harper v. Commissioner, 54 T.C. 1121, 1129 (1970); Pao v. Commissioner, T.C. Memo. 1984-224.  The Commissioner's determination of tax liability, when calculated under a bank deposits analysis, is presumptively correct and places upon the taxpayer the burden of proving the determination wrong.  Helvering v. Taylor, 293 U.S. 507 (1935); Kearns v. Commissioner, 979 F.2d 1176, 1178 (6th Cir. 1992), affg. T.C. Memo. 1991-320; Traficant v. Commissioner, 884 F.2d 258, 263 (6th Cir. 1989), affg. 89 T.C. 501 (1987); Calderone v. United States, 799 F.2d 254, 258 (6th Cir. 1986).  A bank deposits analysis requires that all deposits in the bank be totaled and that adjustments be made to eliminate deposits that reflect nontaxable items such as gifts and loans.  A taxpayer's bank deposits, absent an explanation, are considered taxable income.  Sindik v. Commissioner, T.C. Memo. 1996-47.

Petitioner asserts that the unexplained deposits are nontaxable income.  According to petitioner, those deposits are primarily the proceeds of loans which he received from financial institutions, friends, and family.  We are unpersuaded that this is so.  On the basis of our review of respondent's analysis, in the light of the record as a whole, we sustain respondent's

determination on this issue.  Petitioner has failed to prove it wrong.

## 2.  Self-Employment Expenses

Section 162(a) lets taxpayers deduct all ordinary and necessary expenses paid during the taxable year in carrying on a trade or business.  Section 262(a) generally prohibits a taxpayer from deducting personal, living, or family expenses.

Respondent determined that petitioner was not engaged in a trade or business on the Oceanside Blvd. property and disallowed the business deductions which petitioner claimed for expenses related to that property.  Respondent argues that petitioner used the Oceanside Blvd. property only for personal purposes. We disagree.  We have found as a fact that petitioner operated at least Delta's business on the Oceanside Blvd. property and that petitioner's personal use of the Oceanside Blvd. property was limited solely to the apartment.  Although respondent disputes whether petitioner actually worked on the Oceanside Blvd. property during the subject years, the fact of the matter is that at least Delta's business was located on the property, and Delta's business generated approximately $18,000 of gross receipts during 1989 through 1991.[4]  We are confident that

---

[4] We also are mindful of the fact that we have just sustained respondent's determination that petitioner failed to report self-employment income for the subject years totaling $210,117.

petitioner (at least through Delta) used the Oceanside Blvd. property during the subject years in the course of his self-employment. Whereas respondent invites the Court to find that the Oceanside Blvd. property was used entirely by petitioner as his residence, the record at hand supports a contrary finding. We conclude that the deductions which respondent has allowed as itemized deductions are properly characterized as business expenses to the extent that they are attributable to petitioner's business use of the Oceanside Blvd. property. We find in this regard that 542 square feet of the 6.7 acres is attributable to petitioner's personal use and that the remainder constitutes Delta's business use.[5] We allow petitioner to deduct as business expenses 99.8 percent ((291,852 - 542)/291,852 = 99.8%)[6] of the Oceanside Blvd. property expenses that respondent concedes are itemized deductions. We allow petitioner to deduct the remainder of those expenses as itemized deductions.

As to the other expenses in dispute, i.e., depreciation, insurance, interest (exclusive of the amounts discussed in the immediately preceding paragraph), legal and professional (exclusive of the $297 for 1989), repairs and maintenance, taxes

---

[5] Although the building itself did not cover 6.7 acres, petitioner's personal use of the Oceanside Blvd. property was limited solely to the apartment. We conclude, therefore, that petitioner used the remainder of the building and the grounds surrounding it in the course of his self-employment.

[6] An acre equals 43,560 square feet. Webster's New World Dictionary 12 (3d coll. ed. 1988). Thus, the total square footage of the Oceanside Blvd. property is 291,852 (6.7 x 43,560).

(exclusive of the amounts discussed in the immediately preceding paragraph), utilities, net operating loss (exclusive of the amount conceded by respondent), and donation, we have examined the record and are not persuaded that petitioner is allowed to deduct any of those amounts. The record simply does not contain enough credible evidence from which we could derive those amounts. We sustain respondent's determination as to these amounts.[7]

All of the parties' arguments have been considered, and we have rejected those arguments not discussed herein as meritless. To reflect the foregoing,

Decisions will be entered

under Rule 155.

---

[7] We note that petitioner has failed to prove that he is entitled to deduct any amounts for 1993.