*Decision will be entered under Rule 50.*

GUSSIE K. BARTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82557. Promulgated February 26, 1937.

*Gussie K. Barth* pro se.

*T. G. Histon, Esq.*, and *J. W. Smith, Esq.*, for the respondent.

## OPINION.

TURNER: The petitioner has abandoned her claim of error as to the inclusion in income of the item of additional rents which resulted in the deficiency determined herein, and we have left for determination only the issue involving her claim of overpayment. She claims that she was in error in reporting as income in her return for 1933 the sum of $10,911.91 received in that year from David Baron as her share in profits derived from the law practice conducted by him under the firm name of Barth & Baron. In support of this claim she contends that the partnership of Barth & Baron was dissolved by the death of Irvin V. Barth on November 13, 1931, and that the payments received during the taxable year were not income to her but were capital payments by Baron in purchase of Barth's interest in the partnership at the time of his death. It is the position of the respondent that by the terms of the partnership contract, and under the laws of the State of Missouri, the partnership continued in existence after Barth's death, and the amounts received by the petitioner under the partnership contract were properly reported by her in her income tax return.

Assuming that the petitioner is correct in her contention that the partnership terminated at the death of her husband and that no partnership existed thereafter, it does not follow from the facts in the record that she is correct in her claim that the amounts received by her from Baron represented a part of the corpus of Barth's estate. The claim that the amount so received constituted corpus rests on the provisions of paragraph 9 of the partnership contract to the effect that "the partnership shall not be immediately dissolved by reason of the death of a partner but his interest therein shall be determined" by payments to his widow for a period of three years of specified percentages of what would have been the deceased partner's distributive share in the proceeds from the business if he had remained alive. In short, the petitioner claims that Barth had contracted to sell his interest in the law practice carried on by the partnership at his death and that the payments received by her represented that interest and not income.

If an interest in the partnership was sold and the petitioner received some right on Barth's death, which right was later converted into money, it is necessary to determine the nature of that right, the basis in her hands for income tax purposes, and the amount received upon its conversion into money. It is apparent from the record that the amounts received did not represent payment for capital assets. Under paragraph 6 of the partnership contract it was provided that the formation of the partnership should in no way affect the ownership of the capital assets then on hand. It was also provided that

books purchased to complete series already started were to be purchased individually and there is no showing nor claim that any books, furniture, or other assets of a capital nature were purchased by the partnership between May 1, 1929, when the partnership was formed, and November 13, 1931, when Barth died. In fact it is admitted by the petitioner in her brief that all such items belonged to Barth individually.

The interest which it is claimed that Baron acquired, and for which payment was made to petitioner, is referred to generally as "good will." It is not claimed that a lawyer can sell or bequeath his good will as a practicing attorney, but it is claimed that certain benefits were to be derived during the lifetime of the partners as the result of their association together in the practice of law, and that the payments made to the petitioner were payments for the benefits so derived by Baron from his association with Barth. It is also suggested that to some extent the payments covered Barth's interest in fees earned, or partially earned, but not paid at the time of his death.

With reference to the first element of the so-called good will, it is claimed that the transaction was in the nature of a contract between Barth and Baron for the benefit of a third party, in this case the petitioner, and is analogous to a gift inter vivos and not income. Even though we assume that clause 9 of the partnership contract was, upon the death of Barth, a contract for the benefit of his widow and that she then received a valuable right, there is no proof in this record to show the value of that right when received, and, in the absence of such proof, we are unable to say that she did not receive during the months of November and December in 1931, and in 1932, and prior to the taxable year, amounts which equaled or exceeded the value of that right at the time she received it. Accordingly, under the theory advanced and on the facts in the record, it was not error to treat the entire amount received in 1933 as income.

The same ruling must also follow with reference to fees earned or partially earned, but not paid at the time of Barth's death. In *Mulqueen* v. *Commissioner*, 65 Fed. (2d) 365, affirming 25 B. T. A. 441, it was pointed out that the estate of a deceased attorney might well be said to have an inchoate right to some portion of the ultimate fee in a case on hand at the time of the attorney's death and that this right was sufficient to form the basis for a contract with a second attorney to finish the work and pay over a portion of the fees when collected. There, as in this case, however, the proof did not show that any portion of the amounts received during the taxable year was attributable in any way to the interest of the deceased attorney in the work on hand at the time of his death. The court held in that case that under such circumstances it was not error to treat the whole

amount as income. In the instant case it is quite likely that fees had been earned or partially earned, but not paid, at the time of Barth's death and, to the extent that payments made by Baron to the petitioner represented such fees, those amounts were corpus and not income. There is no showing as to the extent of such fees at the time of Barth's death, nor of his interest in work partially done, and, furthermore, we can not say on the record before us that amounts attributable to such fees and such work were not fully paid in 1931 and 1932, prior to the payments involved in the year 1933 before us. Accordingly, it was not error to treat the whole amount as income. *Mulqueen* v. *Commissioner, supra.* Cf. *Walter T. Gudeon,* 32 B. T. A. 100.

We are further of the opinion that this case falls within the doctrine of *Bull* v. *United States,* 295 U. S. 247. In that case it was provided that the estate of a deceased member of a partnership engaged in the business of ship brokers should receive for a period of one year the same share in the profits of the business as the deceased partner would have received if living. Certain amounts were received by the estate in excess of the deceased partner's interest in the partnership profits accrued prior to his death. There, as in this case, no capital was invested by any of the partners. The Court said: "* * * the survivors have purchased nothing belonging to the decedent, who had no investment in the business and owned no tangible property connected with it. The portion of the profit paid his estate was therefore income and not corpus." Later, in discussing the circumstances under which the payment of the specified share of the profits was to be made, the Court further said: "The purpose may well have been to protect the good will of the enterprise in the interest of the survivors and to afford them a reasonable time in which to arrange for their future activities. But no sale of the decedent's interest or share in the good will can be spelled out."

Reviewed by the BOARD.

*Decision will be entered for the respondent.*

---

ARUNDELL, dissenting: This case was tried and briefed on the narrow issue of whether the sum of $10,911.91 admittedly received by petitioner in 1933 was income from a partnership. Respondent contended that, by reason of the contract entered into between petitioner's deceased husband and his partner, Baron, the death of the former did not serve to terminate the law partnership. On this point I think the respondent was wrong and the majority opinion does not question this conclusion. "Death operates as a

dissolution of a partnership. The law has never been otherwise." *Exchange Bank* v. *Tracy*, 77 Mo. 594. It seems equally clear that no new partnership was entered into between the surviving partner, Baron, and the estate of Judge Barth, or petitioner, individually. *Exchange Bank* v. *Tracy, supra.* It follows that on the issue raised the taxpayer should prevail.

I am further of the opinion that the sum received in 1933 was not income under any provision of the revenue act. As I construe the partnership agreement, the amount received was a partial liquidation of decedent's interest in the partnership. At the time of Barth's death he had an interest in the work then in process in the partnership office and the fees to be derived therefrom. That interest was an asset of his estate. Realizing the difficulty of fixing an exact valuation for that interest at any particular time, the partners agreed upon a method of liquidating it over a period of four years following the death of either one. It does not appear that the amount received by the widow exceeded the fair value of Barth's interest in the firm at the time of death; at least, there is no claim that it does. Cf. *City Bank Farmers Trust Co., Executor*, 29 B. T. A. 190. It, therefore, seems wrong to me to affirm the Commissioner's determination on this possibility, when it was not a point in issue, and the whole basis of the Commissioner's determination has been shown to be wrong. *Taylor* v. *Commissioner*, 70 Fed. (2d) 619; affd., 293 U. S. 507.