DANIEL G. TENNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99690. Promulgated October 22, 1940.

*William S. Hammers, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

OPINION.

Disney: The Revenue Act of 1936, bearing upon the issue for our determination, is, in part, as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    *        *        *        *        *        *        *

(1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. * * *

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws. * * *

Regulations 94 provide in part as follows:

ART. 23 (a)–11. *Expenses of farmers.*— * * * Amounts expended in purchasing work, breeding, or dairy animals are regarded as investments of capital, and may be depreciated unless such animals are included in an inventory in accordance with article 22 (a)–7. * * *

ART. 23 (e)–5. *Losses of farmers.*— * * * If live stock has been purchased after February 28, 1913, for any purpose, and afterwards dies from dis-

ease, exposure, or injury, or is killed by order of the authorities of a State or the United States, the actual purchase price of such livestock less any depreciation allowable as a deduction in respect of such perished live stock, may be deducted as a loss if the loss is not compensated for by insurance or otherwise. * * *

ART. 23 (1)–10. *Depreciation in the case of farmers.*— * * * A reasonable allowance for depreciation may also be claimed on live stock acquired for work, breeding, or dairy purposes, unless they are included in an inventory used to determine profits in accordance with article 22 (a)–7. Such depreciation should be based on the cost or other basis and the estimated life of the live stock. * * *

The record shows that the petitioner in computing his net income for 1936 did not include his cattle then owned in any inventory or allow any depreciation for their exhaustion, wear, and tear as a deduction, as contemplated by the statute and required by the regulations, in respect of said cattle or those that died and for which he claims a loss.

The fact that for some years prior to 1936 the petitioner made his income tax returns in the same manner as in 1936, and that depreciation, ratably or otherwise, had never been deducted in determining the profit or loss from the sale or other disposition of any of the cattle nor had any adjustment for the same been made or required by the Commissioner on account thereof, did not preclude the Commissioner from taking proper action in 1936 with respect to the return for that year.

It is well settled that depreciation must be deducted in arriving at profit or loss realized or sustained on disposition of a depreciable asset. It was held in *United States* v. *Ludey*, 274 U. S. 295, that the aggregate amount of depreciation which the taxpayer was entitled to deduct in his income tax returns in prior years should be applied in reduction of the base. See also *Fidelity-Philadelphia Trust Co.* v. *Commissioner*, 47 Fed. (2d) 36. No evidence indicates that petitioner did not have income from which to deduct depreciation, under *Pittsburgh Brewing Co.* v. *Commissioner*, 107 Fed. (2d) 155.

We have found as a fact that the animals constituting petitioner's herd were depreciable assets within the meaning of the Federal revenue law and now state reasons for such finding. The petitioner alleges and the record shows that the loss claimed by petitioner to have been sustained by the death of certain cattle in 1936 was of "cattle purchased for breeding purposes" and that the cattle were so used in petitioner's business. It is reasonable, in fact evident, that the animals had a more or less definite life and that such life was diminished each year the cattle were retained and used by petitioner, whether he retained them for a few or many years. It is entirely possible, as contended for petitioner, that some of the animals acquired or purchased by petitioner may have increased in value due to the excellence of the progeny they produced, but that does not change the fact that the particular animal had become older and that a portion of its

productive life, for which it was acquired and used, had been expended. The same arguments made in behalf of petitioner might be applied to orchards of various kinds which might increase in value due to the trees becoming older and larger and to their increased production of a very high type of fruit. However, the Board has recognized the depreciable character of orchards and has allowed depreciation. See (as to vineyard and peach orchard) *Harry B. Hooper*, 8 B. T. A. 397; (as to lemon grove) *Kaweah Lemon Co.*, 5 B. T. A. 992; (as to apple and pear orchard) *Ribbon Cliff Fruit Co.*, 12 B. T. A. 13. Though it may be that the present contention was not made, depreciation has been applied to live stock in various cases, e. g., *Lassen Lumber & Box Co.*, 6 B. T A. 241 (247); *Lord & Bushnell Co.*, 7 B. T. A. 86; *F. Kieser & Son Co.*, 15 B. T. A. 359; *Max Kurtz*, 8 B. T. A. 679; *Magdalen Doerfler*, 13 B. T. A. 921; *Caflisch Lumber Co.*, 20 B. T. A. 1223.

In support of his contention the petitioner's counsel cites *F. E. Heath*, 7 B. T. A. 114, wherein the Board held the Commissioner erred in computing depreciation with respect to a dairy herd and including such depreciation as a factor in his determination of gain realized from the sale of an interest in certain property. However, the Board said: "The petitioner has proved that there was no diminution and that on the contrary there was a continuous and very appreciable increase in the actual productive capacity of the herd from year to year during the whole period of his ownership * * *." In the instant case, the petitioner has *not proved* that there was no diminution of "actual productive capacity" of his herd during the whole or any part of the period of his ownership, as was done in the case above cited. Moreover, in the cited case the facts indicated an "accounting procedure by the petitioner that is equivalent to making annual additions to a reserve for depreciation and simultaneously charging all the cost of maintaining the standard of the herd against such reserve. The effect was the measurement of annual depreciation by the cost of replacements for each year." Similar facts do not appear herein and we can not consider the case controlling in the present question.

In view of the facts heretofore set forth herein and the authorities cited, we are of the opinion and hold that the animals constituting petitioner's herd and those dying in 1936, for which a deductible loss is asserted, were depreciable assets.

The next question for our determination is whether or not the Commissioner asserted proper depreciation for deduction. The determination of the Commissioner is presumed to be correct and the burden of showing his determination is arbitrary, excessive, or erroneous is on the petitioner. *Lucas v. Kansas City Structural Steel Co.*, 281 U. S. 264; *Welch v. Helvering*, 290 U. S. 111. However, where the Commissioner's determination is shown to be without rational foundation and

excessive, it will not be necessary for the taxpayer to prove he owes nothing, or if liable at all, to show the correct amount, in order to prevent the enforcement of the Commissioner's determination. *Helvering* v. *Taylor*, 293 U. S. 507.

In the light of the record in the instant case, we do not think it has been shown that the Commissioner's determination is without rational foundation or excessive.

The petitioner did business and kept his books on a cash receipts and disbursements basis in determining the profit or loss from his business and assumed that his cattle were not subject to depreciation. In this record he has failed or neglected to show the date of the acquisition of any of the cattle, or any of their ages, or the length of time that any of the cattle upon which he claimed losses on account of their deaths in 1936, were a part of the herd.

Just what investigation the Commissioner may have made touching the above and other facts before reaching his determination, reducing petitioner's alleged loss on account of death of cattle from $10,100 to $1,971.25 and allowing $1,036 depreciation for the year 1936—though none had been claimed in the return—the record does not show. In the absence of material evidence in the record of the character above indicated, we do not think it can be said that the determination of the Commissioner has been overcome or found to be invalid. Therefore, his determination is approved.

*Decision will be entered under Rule 50.*