## BROWN v. COMMISSIONER OF INTERNAL REVENUE.

No. 189.

Circuit Court of Appeals, Second Circuit.

Feb. 17, 1944.

———•———

H. Lewis Brown, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Helen R. Carloss, and Newton K. Fox, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

As the entire fee did not belong to Brown, and as he did not claim all of it, it cannot, in its entirety, be included in his taxable income for any year. But, as he received the fee in 1937, that portion of it which did then legally (or equitably) belong to him must be included in his taxable income for that year. The ascertainment of that portion required a valuation of that part of the fee which in 1937 legally (or equitably) belonged to the Burroughs estate. Since all the pertinent facts needed for that purpose were fully available in 1937, no occasion existed for postponing that valuation until a later year. An ascertainment of that value did not necessitate a settlement agreement with the estate. It follows that Brown mistakenly asserts that the year 1937 cannot "include what first became known in April 1938"; he errs in his basic premise that, beyond the amount legally (or equitably) due the estate in 1937, the fee, or any part of it, remained in trust until the parties agreed on that amount.

The fallacy of Brown's contention is illuminated by the consequences of the rule which he would have us adopt: It must have been obvious in 1937 to any reasonable person, fully acquainted with the facts, that by no possibility could the estate assert a successful claim to anything like one-half the fee. Yet Brown argues that more than one-half could become his taxable income only for that subsequent year in which by reasonable diligence,[2] he could settle with the estate—even if such a settlement (because for instance, of the inability to consult some of the interested persons on account of the war[3]) had not been reached, say, for a decade. Were that contention valid, Brown, in such circumstances, would, until 1947, have paid no tax on money that legally (and equitably) became his sole property in 1937, although in that interval the earnings of that money would also have been his property. Fortunately, nothing in the statute compels such an unreasonable result.

■ The sole issue here is whether the Tax Court erroneously determined the 1937 value of the estate's claim. On his petition to that Court, Brown had the burden of showing error in the Commissioner's determination.[4] That Court, holding that the Commissioner had erred in part, increased the valuation of that claim. On this appeal, Brown has the burden of showing that the Tax Court's valuation is erroneous. He has not discharged that burden. He has merely argued that it was not easy to arrive at a precise valuation in 1937.

As Brown has not shown error in the Tax Court's valuation, and especially as the Commissioner has not appealed from its decision, we need not consider whether the Tax Court, in arriving at its conclusion, properly relied upon the settlement made in 1938, after the expiration of the taxable year.[5]

Affirmed.

---

[2] The evidence discloses no lack of diligence by Brown in his efforts to bring about a settlement. The Tax Court said that "a real dispute" existed between him and the estate during the negotiations.

[3] Brown points to the fact that the executor reasonably felt obliged to consult beneficiaries who were widely scattered, some of them living in Mexico and Austria.

[4] See, e. g., Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212.

[5] Cf. Helvering v. Gowran, 302 U.S. 238, 245, 246, 58 S.Ct. 154, 82 L.Ed. 224; Dobson v. Com'r, 64 S.Ct. 239; Corning v. Commissioner, 6 Cir., 104 F.2d 329, 333.