OPINION. Van Foss an, Judge: Respondent determined deficiencies in petitioner’s income tax, together with fraud and delinquency penalties, for the years 1935 to 1946, both inclusive, and by amended pleadings, claimed additional deficiencies and penalties for each of the years. No tax returns were filed by petitioner for any of such years. The petitioner called no witnesses and presented no evidence, contenting himself with relying on his position that the determinations by respondent were arbitrary and that, under the rule of Helvering v. Taylor, 293 U. S. 507, the entire burden of proof rests on respondent. There is no merit in petitioner’s contention as to the burden of proof. Under the pleadings, the burden of proof rests as follows: The burden of disproving the deficiencies in tax and to negative the delinquency penalties for all the years as first determined by respondent, rests on petitioner. The burden of proving the additional amounts of deficiencies affirmatively alleged by amended answer, together with the additional delinquency penalties so alleged, and the entire burden of proving fraud, rests on the Government. We have no evidence which would require us to hold that the respondent’s determinations were arbitrary and Helvering v. Taylor, supra, is not available as a defense. There being no countervailing evidence, the presumption of correctness accorded respondent’s original determinations as to the amounts of deficiencies, dictates that respondent’s findings must be sustained. The same is true as to the original determinations of delinquency penalties. There is no evidence that the failure to file tax returns was due to reasonable cause and not due to willful neglect. Looking next to the matter affirmatively pleaded by respondent, again we have no countervailing evidence, while respondent submitted competent evidence to prove the additional amounts. Accordingly, respondent is sustained as to the additional deficiencies and the additional penalties for the delinquency. As to the issue of fraud, looking at the entire record, respondent has again presented ample evidence to carry his burden. Such evidence is clear and convincing. Petitioner having failed to present any evidence in exculpation, we have found as a fact that the petitioner was guilty of fraud as to all of the years. Decision will he entered wider Rule 50.