Robert H. WELCH and Rosa Lena Welch, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 8387.

United States Court of Appeals Fourth Circuit.

Argued Oct. 17, 1961.

Decided Dec. 23, 1961.

**310**

———◆———

J. B. Fisher, Charleston, W. Va., for petitioners.

Edward L. Rogers, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SOPER and BELL, Circuit Judges, and BARKSDALE, District Judge.

SOPER, Circuit Judge.

This petition brings up for review a decision of the Tax Court which approved a determination by the Commissioner of Internal Revenue of a deficiency of $5,651.20 in the income tax of Robert H. Welch and Rosa L. Welch, his wife, as shown in their joint return for the year 1952.[1] Whether there was in fact a deficiency in income tax for the year 1952 it is difficult to say for, as will appear from an examination of the record, the parties to the proceeding in the Tax Court directed their efforts to maintaining their legal positions rather than to ascertaining the facts.

The taxpayer resided in South Charleston, West Virginia, and derived his income in part as an employee of a corporation engaged in the food machinery business and in part from activities in the real estate business. His income tax returns for the years 1950 to 1956 came under examination and the Commissioner determined deficiencies in all of them, and the taxpayer filed petitions for review in the Tax Court, all of which were consolidated for trial.

The Commissioner based his determination of deficiencies on net worth computations as to all of the years except 1952. For that year, according to the opinion of the Tax Court, the Commissioner determined the taxpayer's income by making specific adjustments to his return on the cash receipts and disbursements method. It was necessary, however, in computing the net worth of the taxpayer in the other years to ascertain the assets and liabilities of the taxpayer at the beginning and the end of 1952; and he contends that this data demonstrates that the Commissioner's determination of deficiency for that year is incorrect. In response the Commissioner contends that the net worth computation for the year 1952 does not show the taxpayer's income for that year because the taxpayer failed to show the amount of his non-deductible expenses and, therefore, it was necessary to choose the taxpayer's method of accounting and to make adjustments for the correction of errors which are listed in the Commissioner's notice of deficiency for the year 1952 as is shown below. The taxpayer gave testimony in his own behalf and offered the testimony of an accountant at the trial. This testimony is not in the record, but it is clear that the taxpayer based his case for the year 1952 on the net worth statement for that year. The court found, however, that the taxable income for 1952 could not be ascertained from

---

1. Rosa L. Welch is a party to the proceeding solely because a joint return was filed.

that schedule, and decided the case as to 1952 against the taxpayer, pointing out that the Commissioner's determination was presumptively correct and that the taxpayer had introduced no evidence regarding the amount of the deductions. The crucial question in the case is whether the determination may be shown to be incorrect by reference to the net worth computation filed in the consolidated cases.

In his return for 1952 taxpayer reported rental and other income which the Commissioner did not question. He also claimed as deductions the sum of $9,445 representing the cost of a lot and a building sold in 1952, and also the sum of $8,485.54 for expenses of operating his apartment houses during the year, or a total of $17,930.54. The latter deduction included $1,898.40 for interest paid, $2,154.79 for depreciation, $1,550.37 for repairs, $272.60 for taxes, $345.74 for janitor services, and the balance for miscellaneous purposes. The Commissioner disallowed all of the deductions. This action was taken notwithstanding disclosures in the net worth schedules for the years 1950 to 1956 inclusive filed by the Commissioner with his notice of deficiency for the net worth years. Therein it was shown that the taxpayer had real estate valued at $64,060.22 at the end of 1951 and $68,312.16 at the end of 1952. Moreover, the net worth schedule listed among the items of real estate set forth with a cost basis at the end of 1951 a four-room brick building at $6,116.45, a lot at $1,000, and a lot at $250, which were not listed among the real estate owned by the taxpayer at the end of 1952, indicating that they were disposed of in that year. In addition, the net worth schedule set out the sum of $1,923.64 as the amount of the accumulated depreciation reserve at the end of 1952. In other words, the net worth schedules indicated not only that in 1952 the taxpayer owned real estate which must have involved deductible operating expenses but also the sale of property which had a deductible cost basis in the aggregate of $9,290.09.

The Tax Court did not concern itself specifically with the items here in controversy except insofar as they established the taxpayer's net worth at the end of 1952 and were, therefore, needed in the net worth computations for subsequent years. The court based its decision as to the year 1952 upon the presumption of correctness attending the Commissioner's determination and upon the failure of the taxpayer to offer affirmative proof to show the precise amount of the cost basis of the property sold and the amount of the expenditures incurred in real estate operations in that year. The taxpayer, however, did make the point at the trial that the deficiency determination for 1952 was clearly at variance with the figures used by the Commissioner in establishing the net worth determination for other years in the consolidated cases and renewed the contention after the opinion of the Tax Court was published, in a motion for reconsideration which the Tax Court denied. He pointed out with particularity the portions of the claimed deductions recognized in the net worth computations. Under these circumstances we are of the opinion that the Tax Court's decision was wrong and must be reversed. The net worth computations used by the Commissioner with respect to the net worth years showed beyond question that the taxpayer was entitled to deductions for the cost basis of property sold and the operating expenses incurred in the year 1952 and that the Commissioner's rejection of these deductions in toto was plainly wrong. In short, the presumption of correctness to which the determination of the Commissioner is ordinarily entitled was destroyed by its own inherent defect. Under these circumstances the burden of proof did not rest upon the taxpayer, and the Tax Court was not justified in basing its decision upon the failure of the taxpayer to show the precise amount of the deductions to which he was entitled.

The decisions abundantly support this conclusion. In Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, it was necessary to apportion the cost of

preferred stock acquired by the taxpayer at the same time as common stock of a corporation in order to compute the taxable gain on a sale of the preferred stock. The taxpayer showed that the Commissioner made an arbitrary apportionment of the cost which led to an excessive tax. The Tax Court, nevertheless, upheld the Commissioner's determination of deficiency on the ground that the taxpayer had failed to show the correct amount of the cost basis. The Court of Appeals reversed the Tax Court and remanded the case for a new hearing and the Supreme Court affirmed, saying, page 514, 55 S.Ct. page 290:

"We find nothing in the statutes, the rules of the Board or our decisions that gives any support to the idea that the Commissioner's determination, shown to be without rational foundation and excessive, will be enforced unless the taxpayer proves he owes nothing or, if liable at all, shows the correct amount. While decisions of the lower courts may not be harmonious, our attention has not been called to any that persuasively supports the rule for which the Commissioner here contends.

"Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid. * * * Frequently, if not quite generally, evidence adequate to overthrow the Commissioner's finding is also sufficient to show the correct amount, if any, that is due. * * * But, where as in this case, the taxpayer's evidence shows the Commissioner's determination to be arbitrary and excessive, it may not reasonably be held that he is bound to pay a tax that confessedly he does not owe, unless his evidence was sufficient also to establish the correct amount that lawfully might be charged against him."

This rule has been followed in this and other circuits. See Underwood v. Commissioner, (4th Cir.) 56 F.2d 67, 73, (cited in Helvering v. Taylor, supra, page

515, note 4, 55 S.Ct. page 287); Gasper v. Commissioner, (6th Cir.) 225 F.2d 284, 288; Harp v. Commissioner, (6th Cir.) 263 F.2d 139, 141; Clark v. Commissioner, (9th Cir.) 266 F.2d 698, 706, 715.

The decision of the Tax Court will be reversed and the case remanded for further proceedings.

Reversed and remanded.