**CAMPBELL COUNTY STATE BANK, INCORPORATED, OF HERREID, SOUTH DAKOTA, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17101.**

United States Court of Appeals
Eighth Circuit.

Jan. 3, 1963.

Orville W. Robbins, Selby, S. D., for petitioner.

Harry Marselli, Attorney, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., and Lee A. Jackson, Meyer Rothwacks and Thomas R. Manning, Attorneys, Department of Justice, Washington, D. C., on the brief, for respondent.

Before SANBORN, VAN OOSTER-HOUT, and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The taxpayer, Campbell County State Bank, has filed a timely petition for review of the decision of the Tax Court assessing corporate income tax deficiencies for the years 1954–1957, inclusive. The Tax Court opinion is reported at 37 T.C. 430.

Taxpayer is a banking corporation organized and chartered in March, 1944, under the laws of South Dakota. Twenty-five individuals each purchased 20 shares of stock of the corporation.[1]

Under South Dakota law, banks are not permitted to engage in the business of selling insurance. A few months after the Bank's incorporation, a partnership called Herreid Insurance Agency was formed by the 25 bank stockholders, each holding an equal interest. Such partnership acquired and operated an insurance agency upon the bank premises.

In his deficiency notice, the Commissioner stated:

"On your income tax return for the year 1954 [1955, 1956, 1957], you failed to include income from the operation of an insurance business in the amount of $8,964.00 [$10,544.25, $10,435.35, $11,108.74], which amount, it is determined, represented taxable income to you.

"In the alternative, if it is redetermined that said amount is not includible in your taxable income, it is determined that $6,181.37 [$6,839.29, $7,565.38, $7,266.78] of the business expenses claimed on said return are not deductible by you as ordinary and necessary business expenses and your taxable income for such year is accordingly increased by said amount."

The Tax Court held that the Bank and the Herreid Insurance Agency are separate entities for federal tax purposes, and that the insurance agency income

---

1. One stockholder has subsequently sold his interest in the stock to the remaining stockholders and a few changes have occurred in the stock ownership by reason of death of stockholders, but such minor changes have no bearing upon the issues we are here considering. Stockholders still hold the same proportionate interests in the insurance partnership that they hold in the corporation.

could not be attributed to the taxpayer because there was sufficient business purpose shown to warrant the treatment of the taxpayer and the insurance partnership as separate taxable entities. Neither party has appealed from the decision of the Tax Court upon this issue.

Upon the alternative issue referred to in the Tax Court opinion as Issue 2, the Tax Court held that the Commissioner properly exercised the authority given him by 26 U.S.C.A. § 482 in allocating deductions between the Bank and the insurance partnership. The Tax Court also upheld the Commissioner's contention that all expense items deducted by the Bank on its federal income tax returns were allocable in part to the insurance agency. Accordingly, it disallowed a portion of the deductions claimed by the Bank, determined by the ratio that the gross income of the insurance agency bears to the combined gross income of the insurance agency and the Bank. The Tax Court's decision on Issue 2 is the subject matter of this review.

Section 482 provides:

"In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary or his delegate may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses."

It is established that the Bank and the insurance agency are controlled by the same interests. Hence, under the foregoing statute, the Commissioner is authorized to allocate the deductions in such a manner as to clearly reflect the income of such businesses.

Evidence introduced by the taxpayer fairly shows that the insurance partnership has paid some of its expenses directly out of its own funds, including the payment of 25% of the insurance commissions to the individual bank officers who handled the insurance business and also the payment of its travel expenses and part of its advertising expenses, and some other incidental costs. The taxpayer concedes that the insurance partnership has not paid to the taxpayer its share of expense incurred for advertising, postage, office supplies, telephone, rent, heat, light, and janitor service. Taxpayer concedes that such expenses may be reallocated by the Commissioner and consents to the reallocation of such expenses upon the basis of percentages established by the Commissioner. Taxpayer insists that the common expenses reallocable are limited to those included in the preceding sentence.

The basic issue here presented is whether, under the circumstances of this case, the Commissioner was justified in applying his proportionate reallocation formula to all of the Bank's claimed deductible expenses.

■ Taxpayer offered the testimony of William Block, its cashier. Mr. Block was also a stockholder and director of the Bank and the manager of the insurance partnership. His testimony is in substance that the Bank paid advertising, postage, office supplies, telephone, heat, light and janitor service, part of which is properly attributable to the insurance partnership. He estimated that about 20% of the telephone and advertising expense and about 10% of the rent and postage expense, and $25 of the supplies expense were properly attributable to the insurance partnership. No evidence in opposition was offered. We realize, of course, that the Tax Court was not bound to accept as true the evidence of an interested witness.

The Tax Court made no attempt upon the basis of the evidence to compute the portion of the various Bank deductions properly attributable to the insurance partnership. Instead, it adopted the

method of computation or formula provided by the Commissioner and allocated a portion of all of the deductions claimed by the Bank to the insurance partnership.

The amounts of the deductions claimed by the Bank but held to be proper expenses of the insurance partnership were calculated as follows:

|  |  | 1954 | 1955 | 1956 | 1957 |
|---|---|---|---|---|---|
| "1. | Gross income, insurance .... | $11,952 | $14,059 | $14,353 | $14,812 |
| 2. | Gross income, bank ........ | 62,047 | 61,608 | 76,058 | 82,349 |
| 3. | Total ................. | $73,999 | $75,667 | $90,411 | $97,161 |
| 4. | Bank expenses, return ..... | 38,271 | 36,810 | 47,656 | $47,670 |
| 5. | Ratio: Item 1 to item 3 .... | 16.1514% | 18.5799% | 15.8750% | 15.2448% |
| 6. | Expenses disallowed, item 4 times item 5 ........... | $6,181.37 | $6,839.29 | $7,565.38 | $7,266.78" [2] |

2. The final figures varied slightly because of agreed minor adjustments in items of income and expense.

———◆———

Upon the basis of such calculation, deficiencies in income tax were assessed against the taxpayer for the years 1954, 1955, 1956 and 1957 in the amounts of $2945.03, $4405.11, $3974.99, and $3572.86, respectively.

■■ The Commissioner as a basis for affirmance asserts that the allocation under § 482 involves essentially a fact determination and that the Tax Court's determination must be sustained, unless it is shown to be clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218. We are in accord with such principles. However, it is also well established that findings of fact made by the Tax Court are not binding upon a reviewing court if there is no substantial evidence to sustain them, if they are against the clear weight of the evidence, or if they are induced by an erroneous view of the law. Marcella v. Commissioner, 8 Cir., 222 F.2d 878, 881. See United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 138.

■ We also agree that the Commissioner is vested with a broad discretion in allocating deductions under § 482. However, such discretion may not be exercised in such a manner as to produce an arbitrary or unreasonable result. National Securities Corp. v. Commissioner, 3 Cir., 137 F.2d 600; G. U. R. Co. v. Commissioner, 7 Cir., 117 F.2d 187; Bank of Kimball v. United States, D.C. S.D., 200 F.Supp. 638.

Our examination of the record in this case persuades us that no reasonable basis exists under the circumstances of this case for the application of the proportionate formula to all of the deductions claimed by the taxpayer. There is no finding that the cost of producing income is substantially the same in the operation of a bank and an insurance agency, nor is there substantial evidence which would support such a finding. Additionally, no consideration has been given to insurance agency expenses admittedly paid by the insurance partnership, such as some $3,000 per year to the individual officers who handled the insurance business. The evidence indicates that the operation of a local insurance agency is a relatively simple and inexpensive operation.

The proportionate method of allocation here used is not expressly authorized either by statute or regulation. No case has been cited or found which supports the Commissioner's application of such a method where a wide diversity in the cost of operation of the related businesses exists and where a large portion of the deductible expenditures are not common to the two taxable entities.

All of the deductions claimed by the taxpayer constitute ordinary and necessary business expenses incurred in the operation of its banking business and are deductible under § 162 I.R.C.1954. No challenge is made as to the validity of any of the deductions claimed by the Bank except to the extent that they may be properly reallocated as an expense of the insurance partnership.

No purpose will be served by detailing the figures and evidence relating to all of the taxable years. The nature of the deductions for all the tax years is much the same. For purpose of illustration we will make some examination of the deductions for 1954. In that year, the total deductions claimed by the taxpayer amount to $38,271.00.

Taxpayer conceded that items relating to advertising, postage, office supplies, telephone, rent, heat, light, and janitor service were common expenses of both entities and that some reallocation of such expense items is justified. These items aggregated $6380.00.

As to items relating to interest paid on bank time deposits, state bank franchise tax, reserve for losses on bank loans, directors' fees and legal and filing expense, and bank periodicals, which items aggregated $14,928.00, approximately 40% of the total expenditures, there is no evidence or finding that any of such items constituted an expense attributable in whole or in part to the insurance agency. The evidence is conclusive that such expenses were exclusively those of the Bank. The same situation prevails with respect to items of cash shortage and loss on sale of securities which do not appear in the 1954 items but are present in some of the taxable years.

Among the deductions is salary of officers, $11,160, and salaries of other employees, $2857. It is undisputed that the bank officers handling the insurance business received 25% of the commissions for services rendered the insurance partnership. There is evidence that all salary deductions claimed by the taxpayer were for services rendered to the Bank

and there is no showing that such compensation is excessive or unreasonable. The Tax Court made no finding as to the value of services of bank employees rendered to the insurance partnership. Any services rendered by bank employees other than those receiving direct compensation from the insurance partnership were minimal and consisted largely of occasionally answering the telephone and receiving and delivering messages. The services rendered by such employees in posting the various accounts maintained by the insurance partnership were no different than those rendered to other bank depositors.

The Tax Court made a finding that the insurance partnership owned some equipment but that in addition it made use of adding machines, desks, typewriters, and a check protector owned by the bank on occasion, and also that officers while performing insurance functions maybe had the benefit of liability insurance and workmen's compensation protection paid for by the Bank.

While there is little evidentiary basis for a finding that any substantial part of the payments made by the Bank for salaries, insurance and upkeep of equipment is attributable to the insurance partnership, a fact issue appears to be presented upon the propriety of reallocating a portion of such expense to the insurance partnership. The Tax Court has made no specific finding on the proper reallocation to be made of such items.

Bank of Kimball v. United States, supra, deals with essentially the same problem that here confronts us. There the Commissioner used the same proportionate allocation method he used in the present case in reallocating expenses of a South Dakota bank and a closely connected insurance partnership. The court states:

"This method, which is undeniably arbitrary, also leads to an unreasonable and inaccurate result. The evidence disclosed that the operations of the insurance agency did not require great outlays for operating

expenses. Two small files sufficed for keeping most of its records. Both Houda and Ekeland worked only part-time on insurance agency business. Many of the supplies used by the insurance agency, such as envelopes and stationery, were furnished to it by the insurance companies with which it did business. The insurance agency occupied only a small portion of taxpayer's premises. The method of determining the reallocation of which taxpayer complains is not supported by the evidence.

"We conclude that the reallocation made by the Internal Revenue Service is arbitrary, unreasonable, and contrary to the evidence, and must be reversed. * * *" 200 F. Supp. 642.

We are convinced that the reallocation here made by the Commissioner and approved by the Tax Court is arbitrary and leads to an unreasonable result. The findings of fact made by the Tax Court do not support the reallocation made. The deductible expenses reallocated to the insurance partnership and denied to the Bank far exceed any expenses advanced by the Bank which might under the evidence be reasonably considered expenses attributable to the insurance partnership. A very substantial portion of the Bank's deductions consist of expenses peculiar to the Bank and are of such a nature that they could not possibly be considered expenses of an insurance agency. As of January 1, 1954, the Bank's assets totaled $1,790,000. Its deposits were $1,628,000. Its capital surplus and undivided profits totaled $150,-000. At the same time, the total assets of the insurance partnership were about $10,000 plus whatever its agency contracts might be worth.

■ Taxpayer has satisfactorily demonstrated that the Tax Court's decision as to the amount of the deficiency is clearly erroneous. This is sufficient to entitle the taxpayer to relief. In Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623, the Supreme Court states:

"Unquestionably the burden of proof is on the taxpayer to show that the commissioner's determination is invalid. * * * But, where as in this case the taxpayer's evidence shows the commissioner's determination to be arbitrary and excessive, it may not reasonably be held that he is bound to pay a tax that confessedly he does not owe, unless his evidence was sufficient also to establish the correct amount that lawfully might be charged against him. On the facts shown by the taxpayer in this case, the board should have held the apportionment arbitrary and the commissioner's determination invalid."

To like effect, see Stock Yards Nat. Bank of South St. Paul v. Commissioner, 8 Cir., 153 F.2d 708, 712; Welch v. Commissioner, 4 Cir., 297 F.2d 309, 311–312; Mertens, Law of Federal Income Taxation, Vol. 9, § 50.61, pp. 118–19.

The decision of the Tax Court is reversed and this case is remanded for further proceedings not inconsistent with the views expressed in this opinion. It is apparent from what we have heretofore said that a basis exists for reallocation of some of the deductions claimed by the taxpayer to the insurance partnership, but that no reallocation should be made with respect to expenses exclusively attributed to the Bank. Upon remand, the Tax Court, at the request of either party, shall reopen this case for the reception of additional evidence.

Reversed and remanded.