JAKE Z. SCHRUM AND RUBY E. SCHRUM, DANNIE L. SCHRUM AND JEANETTE V. SCHRUM, AND DONALD L. MOORE AND JUDITH A. MOORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Schrum v. Commissioner
Docket No. 4859-91
United States Tax Court
T.C. Memo 1995-103; 1995 Tax Ct. Memo LEXIS 104; 69 T.C.M. (CCH) 2062; March 13, 1995, Filed *104 Decision will be entered under Rule 155. For petitioners: Donald L. Moore. For respondent: Scott Anderson. WELLS
WELLS
SUPPLEMENTAL MEMORANDUM OPINION WELLS, Judge: The instant case is before us on remand from the United States Court of Appeals for the Fourth Circuit. In our prior Memorandum Opinion, T.C. Memo. 1993-124, affd. in part and vacated and remanded in part 33 F.3d 426 (4th Cir. 1994), we upheld respondent's determination because petitioners had failed to prove that they are entitled to investment credit under section 38[1] in excess of the amount respondent allowed in the notice of deficiency. In respondent's notice of deficiency the full costs of some of the components of the four carwash facilities constructed by petitioners were allocated entirely to equipment. Additionally, 50 percent of the labor cost, 60 percent of the cost of the plumbing system, and 50 percent of the cost of the electrical system of the constructed carwash facilities were allocated to equipment. The remaining costs of the constructed carwash facilities were allocated to the structure. As to the four carwash facilities that were purchased *105 by petitioners, respondent's notice of deficiency allocated costs between structure and equipment in accordance with an invoice prepared by the seller. The Court of Appeals found that respondent's allocations contravened its precedent in A.C. Monk & Co. v. United States, 686 F.2d 1058 (4th Cir. 1982) (holding that a component of an electrical system is to be treated either as entirely structural or as entirely related to equipment, and cannot be allocated between the two types of property). Consequently, the Court of Appeals vacated our decision and required that, on remand, the plumbing and electrical systems of the constructed carwash facilities be allocated "entirely as non-structural." The Court of Appeals also required that, on remand, we re-examine labor costs for the constructed *106 carwash facilities in light of its holding with respect to the plumbing and electrical systems. [2] *107 Additionally, the Court of Appeals stated that, as to the purchased carwash facilities, it was unable to verify whether the allocations were consistent with A.C. Monk & Co. v. United States, supra, because the allocations were made on the basis of the seller's invoice and therefore required that we examine such allocations on remand.[3] The Court of Appeals also vacated, and remanded for further proceedings, our decision upholding respondent's determination of the addition to tax for negligence. The Court of Appeals observed that petitioners' tax returns, at least facially, supported their position that they had consulted with tax professionals. [4]
In this Memorandum Opinion, we adopt our findings of fact from our prior Memorandum Opinion in their entirety. Allocation of Labor Costs of Constructed Carwashes
We must decide whether the allocation of 50 percent of the labor costs of the constructed carwashes to section 38 property should be adjusted in light of the Court of Appeals' holding that the electrical and plumbing components should be allocated to section 38 property in their entirety. Petitioners contend that the most reasonable *108 method for allocating the labor cost is to make allocations "based on the same percentage as ultimately found for the associated system cost." [5] Respondent contends that any adjustments which would increase petitioner's tax credit based on the electrical and plumbing expenses would be inappropriate because the record reflects that none of the labor costs were allocable to the electrical and plumbing components. At trial, Dannie Schrum testified that the labor costs included "all the labor to form and pour the underground pits which were constructed of concrete." Mr. Schrum did not testify that any of the labor costs were allocable to the electrical or plumbing components. Based on such testimony, we question whether petitioners are entitled to allocate any portion of *109 the labor costs as section 38 property. Respondent's notice of deficiency, however, allows an allocation of 50 percent of the labor costs to section 38 property and respondent has not argued that petitioners are not entitled to allocate any portion of the labor costs as section 38 property. Additionally, the Court of Appeals did not instruct us to disturb the allocation of 50 percent of the labor costs to section 38 property unless we decide that such amount is to be increased on account of the erroneous allocation of the electrical and plumbing components. Accordingly, based on the record in the instant case, we sustain respondent's allocation of 50 percent of the labor costs to section 38 property and hold that it need not be adjusted on account of the reallocation of the electrical and plumbing components. Allocation of Costs of Purchased Carwashes
In its opinion, the Court of Appeals stated that because respondent's allocations in the notice of deficiency were based upon the seller's invoice, it could not verify whether the allocations are consistent with its holding in A.C. Monk & Co. v. United States, 686 F.2d 1058 (4th Cir. 1982). Consequently, *110 the Court of Appeals instructed us to re-examine such allocations in light of A.C. Monk & Co. v. United States, supra.
Petitioners contend that the appropriate method of allocation is to allocate the various components of the purchased carwashes based on the percentages derived from the constructed carwashes. [6] Petitioners justify their position by noting that the record reflects that all of the carwashes are identical. Respondent contends that there is insufficient information in the record to make allocations that would be consistent with A.C. Monk & Co. v. United States, supra.Specifically, respondent contends that there is no information in the record as to the cost of the electrical and plumbing components of the purchased carwashes. Consequently, respondent contends that petitioners are not entitled to allocate any portion of the costs of the purchased carwashes as section 38 property. Petitioners have the burden of proving the costs which qualify as section 38 property. Rule 142(a). *111 We understand the Court of Appeals' concerns that the allocation in the notice of deficiency might contravene Fourth Circuit precedent in A.C. Monk & Co. v. United States, supra.The difficulty we have in complying with such an inquiry, however, is that, as we stated in our prior opinion, petitioners failed to prove that respondent's allocations are arbitrary and excessive. See Helvering v. Taylor, 293 U.S. 507 (1935). It is petitioners who have the burden of providing sufficient evidence to establish what the proper allocations are in the instant case. Nonetheless, in order to comply with our understanding of the Court of Appeals' mandate on remand, and taking into account that neither party has sought a further trial, we will make an estimate under the principles of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Because the parties stipulated that "All car washes are substantially identical except for the number of bays and locations," and the record is insufficient to support any specific allocation of costs as to the purchased carwashes, the constructed carwashes provide *112 the best estimate of the proper allocations. Accordingly, we hold that petitioners are entitled to allocate the costs of the purchased carwashes based on the same percentages as the constructed carwashes. [7]
Addition to Tax for Negligence
The final issue we must decide is whether the additions to tax for negligence should be imposed against petitioners. The Court of Appeals observed that their returns "facially" supported their position that they had consulted with tax professionals. We infer that the Court of Appeals was adverting to the fact that their returns were signed by tax return preparers. Petitioners contend that they should be relieved of the additions to tax for negligence because they consulted tax advisors, acted in good faith, and believed that they were correct in their interpretation of the law. Petitioners contend that the imposition of the additions to tax is especially inappropriate because the instant case involves issues in a complex area of the tax law. Respondent *113 contends that petitioners may not insulate themselves from the additions to tax for negligence by merely establishing that their returns were prepared by a tax professional. Respondent contends that petitioners must also prove that they were advised by their return preparer to claim investment tax credits and depreciation deductions for the full amount of the costs of the carwash facilities and that the return preparer was informed by petitioners of all of the relevant facts before advising them. We agree with respondent that the additions to tax for negligence should be imposed. Reliance on a return preparer may relieve a taxpayer from the addition to tax for negligence where the taxpayer's reliance is reasonable. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). A taxpayer, however, is not relieved from liability for the addition to tax for negligence merely by shifting the responsibility to a tax professional. Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972). "The ultimate responsibility for *114 a correct return lies with the taxpayer, who must at least furnish the necessary information to his agent who prepared the return." Id. at 802. In the instant case, petitioners have not offered any evidence to establish that petitioners supplied the return preparer with the information necessary to complete the return properly. For that matter, the record does not contain any information regarding petitioners' consultations with their tax advisers. [8] Consequently, petitioners have failed to establish that petitioners' reliance on their return preparer was reasonable. Accordingly, based on the record, we hold that petitioners are liable for the additions to tax for negligence. *115 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
*. This Memorandum Opinion supplements our opinion in Schrum v. Commissioner↩, T.C. Memo. 1993-124, affd. in part and vacated and remanded in part 33 F.3d 426 (4th Cir. 1994).
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In a footnote, the Court of Appeals explained, "We do not mean to imply that labor costs cannot be allocated in part to a structure and in part to equipment consistent with our holding in A.C. Monk & Co. We simply mean that, to the extent that the allocation of the labor costs was based upon the erroneous allocation of plumbing and electrical expenses, the labor cost allocation must be adjusted." Schrum v. Commissioner, 33 F.3d 426, 436↩ n. 14 (4th Cir. 1994).
3. As explained by the Court of Appeals, a taxpayer's property qualifies as sec. 1245 property exactly to the extent that it qualifies as sec. 38 property. Schrum v. Commissioner, 33 F.3d at 437↩. Based on our allocation below of the labor costs with respect to the constructed carwashes and all allocations with respect to the purchased carwashes, the depreciation deductions should be adjusted accordingly.
4. Subsequent to the remand of the instant case, we ordered the parties to submit supplemental briefs. No further evidentiary hearing was requested by the parties.↩
5. For example, as approximately 6 percent of the cost of each constructed carwash was for the electrical system, petitioners contend that 6 percent of the labor costs should be allocated as electrical cost, and consequently as section 38↩ property.
6. For example, as approximately 34 percent of the cost of each constructed carwash was allocated as equipment cost, petitioners contend that 34 percent of the cost of each of the purchased carwashes should be allocated as equipment cost.↩
7. See supra↩ note 6.
8. On brief, petitioners contend that if additional evidence were taken in connection with the negligence issue, petitioners would show that the accountants were fully informed, that petitioners' personal bookkeeper reviewed the matter with the accountants, and that petitioners relied on the accountants and the bookkeeper. Petitioners, however, have neither sought such a hearing nor established why they were unable to present such evidence at the trial of the instant case.↩