NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1597
_____

MICHAEL H. DUDEK; BRENDA M. DUDEK,
                                                        Appellants

v.

COMMISSIONER OF INTERNAL REVENUE
_____

APPEAL FROM THE UNITED STATES TAX COURT
(Tax Court No. 12-9599)
Tax Court Judge: Honorable Robert P. Ruwe
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2014
_____

Before: McKEE, *Chief Judge*, and GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Filed: December 24, 2014)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellants Michael and Brenda Dudek ("the Dudeks") seek review of the Tax Court's decision upholding the Commissioner of Internal Revenue's determination of a tax deficiency of $147,397.00 in 2008 and imposing an accuracy-related penalty of $29,479.40. We will affirm, essentially for the reasons set forth in the opinion of the Tax Court.

Between 1996 and 1998, the Dudeks purchased several pieces of property in Pennsylvania. On October 23, 2008, they signed an agreement entitled "oil and gas lease" with EOG Resources, Inc. Pursuant to the terms of the agreement, the Dudeks received a bonus payment of $883,250.00 in 2008. The Dudeks reported this payment as a long-term capital gain on their 2008 tax return. The Internal Revenue Service ("IRS") maintained that the bonus should be treated as ordinary income, and found that the Dudeks had a tax deficiency of $147,397.00 and assessed an accuracy-related penalty of $29,479.40. The Dudeks filed a petition in the Tax Court. Ultimately, the Tax Court agreed with the IRS.

The Tax Court had jurisdiction pursuant to 26 U.S.C. §§ 6213(a), 6214, and 7442. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). "Our review of the Tax Court's construction of the Internal Revenue Code is plenary." *Ball ex rel. Ball v. Comm'r,* 742 F.3d 552, 557 (3d Cir. 2014) (citing *Nat'l Starch & Chem. Corp. v. Comm'r,* 918 F.2d 426, 428 (3d Cir. 1990)). "[W]e review its factual findings and inferences for clear error." *Nat'l Starch*, 918 F.2d at 428 (citing *Pleasant Summit Land Corp. v. Comm'r*,

2

863 F.2d 263, 268 (3d Cir. 1988)).

The Supreme Court long ago resolved the question presented in this case: bonus payments made as part of an oil and gas lease are ordinary income, not capital gains. *Burnet v. Harmel*, 287 U.S. 103, 112 (1932) ("Bonus and royalties are both consideration for the lease, and are income of the lessor."); *see Laudenslager v. Comm'r*, 305 F.2d 686, 690 (3d Cir. 1962) ("Where the owner of the land retains an economic interest in the deposits, the transaction is regarded as a lease and the proceeds are taxable as ordinary income, subject, under certain conditions, to a deduction for depletion."). The Dudeks argue that the agreement should be treated as a sale, not a lease, but, because the Dudeks clearly "retain[ed] an economic interest" in the property, the agreement was, in fact, a lease.

As to the Dudeks' request for a depletion deduction, they failed to present any evidence regarding the depletion deduction before the Tax Court, thus failing to satisfy their burden of proof. *United States v. Gen. Dynamics Corp.*, 481 U.S. 239, 245 (1987) ("The taxpayer has the burden of proving its entitlement to a deduction.") (citing *Helvering v. Taylor*, 293 U.S. 507, 514 (1935)).

Finally, the accuracy-related penalty satisfies the requirements of 26 U.S.C. § 6662.

For the foregoing reasons, we will affirm the decision of the Tax Court.

3